United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILLY EDITH VELILLA, individually and a/n/f of E.A.V. (Minor) and a/n/f of B.D. (Minor), and KEYLA ESTEFANIA FUENTES ORELLANA, | § § § § § § | |
| *Plaintiffs*, VS. | § § § | CIVIL ACTION NO. 4:23-CV-03009 |
| LADARIOUS SHARMACO RUSHING, PACCAR FINANCIAL SERVICES CORPORATION, and JBS CARRIERS, INC., | § § § § | |
| *Defendants*. | | |

## ORDER

Pending before the Court is Defendant Paccar Financial Services Corporation's ("Paccar") Motion for Summary Judgment. (Doc. No. 16). Plaintiffs Emilly Edith Velilla, individually and as Next Friend of E.A.V. and as Next Friend of B.D., and Keyla Estefania Fuentes Orellana (collectively, "Plaintiffs") did not respond. For the reasons outlined below, the Court hereby **GRANTS** Paccar's motion. (Doc. No. 16).

## BACKGROUND

This case arises from a motor vehicle accident that occurred on August 14, 2021 in Harris County, Texas. According to Plaintiffs' Original Petition, Plaintiffs were traveling on Interstate 45 when Defendant Ladarious Sharmaco Rushing ("Rushing"), who was driving a tractor trailer allegedly owned by Paccar and Defendant JBS Carriers, Inc. ("JBS"), collided with Plaintiffs as he was changing lanes. Plaintiffs suffered severe injuries. In 2023, Plaintiffs filed suit in state court in Harris County, Texas. The Original Petition states a cause of action for negligence, gross negligence, and negligence per se under Texas Transportation Code §544.060 against Rushing and

causes of action for negligence and negligence per se under the doctrine of *respondeat superior* against JBS. Plaintiffs seek damages for past and future medical expenses, past and future pain, suffering, and mental anguish, past and future physical impairment and disfigurement, lost wages and future loss of earning capacity, and property damage to the vehicle. Paccar and Rushing both asserted counterclaims against Plaintiff Emilly Velilla for negligence and/or negligence per se. Paccar removed the case to this Court in August 2023, citing diversity of citizenship as the grounds for subject matter jurisdiction.[1]

Paccar filed the instant motion for summary judgment in November 2023, arguing that Plaintiffs have failed to state a claim against Paccar, and, alternatively, that pursuant to the Graves Amendment (49 U.S.C. § 30106(a)), it "cannot be held liable for any harm to persons or property that results or arises out of the use, operation, or possession of the Kenworth tractor with VIN # 1XKYDP9X2KJ238613 that was leased to JBS Carriers, Inc. during the period of the lease." (Doc. No. 16 at 4). Plaintiffs did not respond.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant

---

[1] Plaintiffs are allegedly citizens of Texas. Rushing is a citizen of Louisiana. JBS Carriers is a citizen of Colorado, and Paccar is a citizen of the state of Washington. (Doc. No. 1 at 2-3). Plaintiffs' Original Petition seeks monetary relief in excess of $1,000,000.

then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting summary judgment based solely on the local rules and Plaintiffs' failure to respond would be improper, this Court will address the merits of the motion.

## ANALYSIS

Paccar argues that Plaintiffs' claim against it (if any) is barred by the Graves Amendment. *See* 49 U.S.C. § 30106(a).[2] Accordingly, Paccar contends that it is entitled to judgment as a matter of law. Pursuant to the Graves Amendment:

> (a) In general…An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if…
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106.

Paccar has presented evidence that it "provides finance, lease and insurance services to dealers and customers in 24 countries including a portfolio of more than 180,000 trucks and trailers[.]". (Doc. No. 16 at 4). Paccar offers the affidavit of Linda Markle, an employee of Paccar, who states under oath that "Paccar and JBS Carriers, Inc. entered into [an equipment lease] for several Kenworth tractors." (Doc. No. 16-1 at 2). Paccar has further presented evidence that Rushing was driving one of the leased Kenworth tractors (VIN #1XKYDP9X2KJ238613) at the time of the accident. (Doc. No. 16-3 at 2). Plaintiffs did not respond to Paccar's motion; as such, the evidence presented by Paccar in support of its motion is uncontroverted. Further, Plaintiffs did

---

[2] Paccar also argues that Plaintiffs "fail to allege a cause of action," asking the Court to "take judicial notice of Plaintiffs' [Original Petition]." (Doc. No. 16 at 3). This would be a more appropriate argument at the motion to dismiss stage rather than at summary judgment. Nonetheless, the Court notes that the only mention of Paccar in Plaintiffs' Original Petition—outside of the Parties and Service section—is in the facts section, in which Plaintiffs state that "Defendant Rushing was driving a tractor and trailer owned by Defendant, Paccar and Defendant, JBS." (Doc. No. 9-1 at 26).

The two captioned causes of action explicitly state negligence and/or negligence per se claims against Rushing and JBS, but no mention is made of Paccar outside of the facts section. (Doc. No. 9-1 at 26-27). No specific allegations are made against Paccar other than the statement that it was a co-owner of Rushing's tractor trailer. This is insufficient to adequately state a claim under the Federal Rules and would have been appropriately dismissed on a Rule 12(b)(6) motion, had it been filed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

4

not make any allegations of negligence on the part of Paccar in their Original Petition. Accordingly, the Court finds that Paccar, as the lessor of the vehicle involved in the car accident at issue, is entitled to summary judgment in its favor. See 49 U.S.C. § 30106; *see also Marr v. Croxton*, No. SA-21-CV-00961-XR, 2022 WL 2161059 at *3 (W.D. Tex. June 14, 2022).

For the foregoing reasons, the Court hereby **GRANTS** Paccar's Motion for Summary Judgment in its entirety. (Doc. No. 16).

Signed at Houston, Texas, on this the 21st day of May 2024.

Andrew S. Hanen
United States District Judge